OTIS P. LYON, Respondent, *v.* ST. LOUIS, IRON MOUNTAIN, AND SOUTHERN RAILROAD COMPANY, Appellant.

### February 11, 1879.

Where, under a license from the city, dirt on a railroad-crossing is piled upon the street by the railroad company until the city shall remove it, and is left there at night without a light having been placed thereon, in violation of a city ordinance, the railroad company is liable for injuries suffered in consequence of the absence of a light.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

THOROUGHMAN & WARREN, for appellant.

MCCOMAS & MCKEIGHAN, for respondent.

LEWIS, P. J., delivered the opinion of the court.

The railway track of defendant, the St. Louis, Iron Mountain, and Southern Railroad Company, ran along Main Street, crossing Chouteau Avenue, in the city of St. Louis. At the intersection of those thoroughfares, on December 8, 1875, the servants and employees of defendant had deposited a heap of mud about eleven feet long, three feet wide, and three feet high. The work was finished late in the afternoon, and was left in that condition for the night, without any light placed upon it, as there should have been in obedience to a city ordinance. After dark the plaintiff was riding down Chouteau Avenue in a buggy driven by one Nichols, when a wheel ran upon the mud-heap, causing the buggy to turn over, whereby the plaintiff was thrown out and his left arm broken. This suit was instituted against the city of St. Louis and the railroad company to recover damages for the injury thus sustained. The verdict of a jury was in favor of the city of St. Louis, and against the other defendant, assessing the damages at $4,000. Judgment was rendered accordingly, and the defendant appealed.

The defendant objected to the introduction in evidence of a city ordinance which required, under penalty, the placing of lights at night upon all temporary street obstructions. It was objected that the testimony was irrelevant, and calculated to mislead the jury. We do not perceive the point of the objection. If the defendant's failure to perform a duty enjoined by municipal regulation had any tendency towards causing the injury suffered by the plaintiff, this was a legitimate subject of inquiry for tracing the injury to defendant's default; but in such an inquiry an essential step was to ascertain what was that duty, and how was it to be performed. The ordinance furnished the only direct and proper answer.

It is claimed that the amount of damages recovered was excessive. The testimony tended to show that partly on account of the plaintiff's age, and partly because of the peculiar character of the fracture, the injury was a permanent one, so that the plaintiff is deprived for life of some of the natural uses of his hand and arm. We find nothing extravagant in the sum fixed by the jury, if they believed this testimony.

Defendant charges that the court erred in "permitting the plaintiff to exhibit his hand, and show the jury how nearly he could shut it, — an operation entirely subject to his own control, and not susceptible of putting into a bill of exceptions." If the hand was under the control of the witness, he was nevertheless testifying under oath, and the penalties of perjury would have been no less applicable to a false account of the hand's capabilities, as illustrated, than to any other statement he might make. In murder trials the fatal weapon is sometimes offered in evidence, but we have no precedent for its exclusion because it could not be put into the bill of exceptions.

The instructions given for plaintiff, of which the defendant complains in general terms, were in such thorough harmony with the stereotyped rulings of the courts in similar

·cases that it would be a waste of time to copy and comment ·on them in this opinion. Defendant's counsel does not ;specifically direct our attention to any objectionable feature in them; and, with the lights before us, we are unable to ·discover any.

Defendant prayed for an instruction as follows: —

"If the jury believe from the evidence that the dirt in ·question was removed from the crossing of the defendant ·company's railroad, and that the same was so removed and placed by said company by the authority and direction of the said city until the same should be removed by the officers and employees of said city, they should find for the defendant, the St. Louis, Iron Mountain, and Southern Railroad Company."

This was properly refused. If a wrong was committed, the defendant could not justify under a license from its co-trespasser. The instruction ignores the defendant's duty of placing a light on the dirt-heap, which the city ordinance required even if the license was given.

There is no error apparent in this record. All the judges concurring, the judgment is affirmed.